BLAUINSEL STIFTUNG, a Liechtenstein Trust, by Iur W. Kiecher, Sibilla Cretti and Jurg Scheller, as trustees, Plaintiff–Appellant,

Ahmed A. Massoud, Appellant,

v.

SUMITOMO CORPORATION, Sumitomo Corporation of America, Yasuo Hamanaka, Global Minerals and Metals Corporation, R. David Campbell, Bipin H. Shah, James W. Holme, Blas Cuevas, Carl D. Alm, John Does "1" Through "15", Defendants–Appellees.

Docket No. 03–7636.

United States Court of Appeals, Second Circuit.

Feb. 12, 2004.

444

Ahmed A. Massoud, Massoud & Pashkoff, New York, NY, for Appellants.

H. Peter Haveles, Jr., Cadwalader, Wickersham & Taft LLP (Jason Jurgens, Stacey A. Lara, of counsel), New York, NY, for Defendants–Appellees Global Minerals and Metals Corporation, R. David Campbell, Bipin H. Shah and Carl D. Alm.

Jonathan H. Hurwitz, Paul, Weiss, Rifkind, Wharton & Garrison LLP (Bruce Birenboim, on the brief, Paul D. Lall, of counsel), New York, NY, for Defendants–Appellees Sumitomo Corporation and Sumitomo Corporation of America.

PRESENT: LEVAL, SOTOMAYOR, WESLEY, Circuit Judges.

*SUMMARY ORDER*

Plaintiff-appellant Blauinsel Stiftung ("Blauinsel") and its counsel, Ahmed Massoud ("Massoud"), appeal from a judgment of the United States District Court for the Southern District of New York (Jones J.), dated May 30, 2003, sanctioning Blauinsel and Massoud by holding them jointly and severally liable for much of the costs and fees incurred by defendants-appellees in the course of defending this litigation, and imposing a separate $10,000 sanction on Massoud. The district court sanctioned appellants upon finding that the litigation had been plagued by appellants' discovery abuses, "bad faith" conduct on the part of Massoud, and misrepresentations to the court and defense counsel, which culminated in Blauinsel's voluntary dismissal of its claims for the express purpose of evading a district court order directing Blauinsel's trustees to appear for depositions.

After reviewing the record, with which we presume readers' familiarity, we find no merit to the appellants' arguments on appeal. First, we see no abuse of discretion in the district court's having ordered Blauinsel's trustees to appear in person for depositions at a time and place to which Blauinsel's counsel had already stipulated. It was no abuse of discretion for the district court, in the absence of a motion to hold the depositions via telephone, to have ordered the trustees to appear in a location that the litigants agreed was more convenient than the litigation forum. Second, after a thorough review of those facts that appellants claim were clearly erroneous, we find that the appellants have pointed to no factual findings that leave us "with the definite and firm conviction that a mistake has been committed." *United States v. Rizzo*, 349 F.3d 94, 98 (2d Cir. 2003) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)).

Moreover, our review of the facts leads us to conclude that the district court's determination that sanctions were warranted, a decision which was "uniquely within [its] province," was "made with restraint and discretion." *Schlaifer Nance & Co. v. Estate of Warhol,* 194 F.3d 323, 334 (2d Cir.1999). Although appellants take issue with the district court's authority under Fed.R.Civ.P. 37(b) to have sanctioned them to nearly the full amount of defendants' expenses, we need not reach that issue as we find the district court's "inherent power to manage its own affairs"—on which the district court also expressly relied—provided the court with sufficient authority. *See Residential Funding Corp. v. DeGeorge Fin. Corp.,* 306 F.3d 99, 107 (2d Cir.2002) (recognizing district court can rely on its inherent powers, as an alternative to Fed.R.Civ.P. 37, to sanction discovery misconduct).

The district court found that the appellants here engaged in a series of actions, orchestrated by counsel in bad faith, to evade their discovery obligations, and that appellants, with full knowledge that they were under a court order to produce the trustees for deposition, chose instead to voluntarily dismiss their suit for the purpose of evading that order. Further, although appellants' counsel represented otherwise to the district court, the court found that appellants then quickly filed the same lawsuit in state court under different plaintiffs' names. Because none of the foregoing findings are clearly erroneous, the district court "was within [its] discretion to vindicate itself and compensate [defendants] by requiring [appellants] to pay for all attorney's fees." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 57, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).

Lastly, we find that the district court's assessment of what fees were reasonable was not an abuse of discretion. *See Gold-*

*berger v. Integrated Res., Inc.,* 209 F.3d 43, 47 (2d Cir.2000). Rather than simply accept defendants' figures, as appellants contend, the district court excluded those expenses related to certain discovery, and then deducted "a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from [the] fee application.'" *Kirsch v. Fleet St., Ltd.,* 148 F.3d 149, 173 (2d Cir.1998) (quoting *N.Y. Ass'n for Retarded Children v. Carey,* 711 F.2d 1136, 1146 (2d Cir.1983)).

The judgment of the district court is AFFIRMED.